HAYNES, *admr.*, *v.* BESSELLIEU, *et al.*

ESTATES OF DECEASED PERSONS—*lands as assets.* Where part of the estate of a deceased person consisted of *slaves*, which the widow, who was the administratrix, sold, and the proceeds of which sale she vested in *lands*, taking the title in her own name, *after* dower is assigned to the widow out of these lands the *residue* of the lands should go to the administrator, as assets for the payment of the debts of the estate, and not to the heirs.

*Until* the debts of the deceased are *all* paid there is no estate for the heirs.

DOWER. The wife is entitled, in equity, to dower of all the lands purchased by her, as administratrix of the estate of her husband, out of the *proceeds* of the sale of slaves, of which he died seized, to an amount equal to her unassigned dower in the slave property.

The widow had *dower* of one-third of all slaves of which her husband died possessed.

*Appeal from Drew Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

BELL & CARLETON, for appellant.

GARLAND & NASH, for appellee.

WILSHIRE, C. J.

This was a bill filed in the Drew circuit court, on the chancery side, by Eli K. Haynes, as administrator, *de bonis non*, of the estate of Collins F. Hemingway, deceased, against D. Oscar Bowles, and his wife, Carrie Bowles, formerly Carrie Hemingway, and widow of the deceased, and the former administratrix of his estate, and certain of the heirs at law of the deceased, to subject certain lands purchased by said Carrie, as administratrix of the deceased, with the proceeds of the sale of certain slaves belonging to said estate, the title to which

she took to herself, as the widow, and certain of the heirs at law of the deceased, to the payment of the debts exhibited and allowed against said estate.

The material allegations of the bill of the complainant are, that Carrie Bowles, late widow of Collins F. Hemingway, deceased, and the former administratrix of his estate, pursuant to an order of the probate court of Drew county, on or about the 21st day of March, 1864, sold eleven negro slaves for the sum of $27,200; and afterwards, pursuant to the same order of the probate court, she invested $25,300 of the proceeds of said sale in certain lands in Drew county, and took the deeds of conveyance of said lands to herself, as the widow of the deceased, and to certain of his heirs at law; that, when the bill in this case was filed, there was allowed and classed against said estate claims amounting to about $20,000, and that there were a number of other claims set up against the estate, amounting to about $6,000; that there had been presented to and rejected by the complainant, as administrator *de bonis non* of said estate, claims that were liable to be allowed and classed by the probate court; that the assets in his hands, other than the lands, for the payment of the debts, amount to the sum of $19,988, and consists entirely of *choses in action*, of which, he alleges, not more than about $2,500 can be realized; that it is necessary to sell the lands belonging to the estate, in order to pay the debts of the estate legally exhibited, allowed and classed against it; that the lands could not be sold to advantage until the widow's dower therein be set apart and assigned to her, and the cloud upon his right to sell such of the lands as were purchased by the widow, or administratrix, with the proceeds of the sale of the eleven negroes, caused by the conveyance thereof being made to the widow, and certain of the heirs of the deceased, by a decree of a court of chancery, removed; praying that commissioners be appointed to set apart and assign to the widow her dower in the lands, and for a decree declaring the residue of the lands to be assets in the hands of the complainant, as administrator, &c., for the payment of the debts of the estate.

The allegations of the bill were not denied, and the court below caused the dower of the widow in the lands to be set apart and assigned to her; and, at the hearing of the cause, the court, by decree, vested the remainder, in the lands set apart to the widow from those purchased by her as administratrix, in certain of the heirs at law of the deceased, in fee simple, &c.

The complainant appealed to this court, and insists that the court below erred in decreeing the remainder, in the lands set apart to the widow, out of those purchased by her with the proceeds of the sale of the eleven slaves, in the heirs at law of the deceased, in fee simple.

The widow is entitled to dower of one-third part of all the lands whereof her husband died seized, of an estate of inheritance, at any time during marriage, unless she has, in legal form, relinquished such right. She also had, until they were emancipated, dower for life of one-third of all the slaves her husband died possessed of. She also has dower of one-third of all the personal estate her husband died possessed of, as her own absolute property. *Gould's Digest*, chap. 60, *secs.* 1 *and* 21.

The widow of Hemingway was entitled to dower in all the lands of which he died seized of, as an estate of inheritance; and she was as well entitled, in equity, to dower in the lands purchased by her, as the administratrix of her deceased husband's estate, with the proceeds of the sale of the slaves sold by her, to an amount equal to her unassigned dower in the slave property sold.

It appears that the dower of the widow, in all the lands, was set off and assigned to her; but the court below, after confirming the report of the commissioners assigning the widow's dower, by a final decree, vested the remainder in the lands assigned to the widow, out of those purchased by her as administratrix, with the proceeds of the slaves sold, in certain of the heirs at law of the deceased, in fee simple. The dower of the widow in the landed estate of her deceased husband is but a life-estate in the lands, the remainder to descend to the heirs of the deceased, after the debts of his estate have all been paid;

and, until the debts are all paid, the remainder in the lands assigned to the widow as dower, after the termination of her life-estate, is assets in the hands of the administrator, for the purpose of paying the debts legally established against the estate; and, until all the debts are paid, there is no estate for the heirs.

The law has so jealously guarded the rights of the creditor as to require any heir or distributee, receiving legacies or distributive shares, at any time before the expiration of two years after date of the letters testamentary or of administration, to give bond, with good and sufficient security, to refund his proportion of any debt which may afterwards be established against the estate. *Gould's Digest*, chap. 4, sec. 150.

The statute provides for the sale of the estate, both real and personal, of a deceased person, for the purpose of paying his debts, and points out the mode of making the sale; and we think there can be no doubt as to the power of the administrator to sell the remainder in the lands set off to the widow, as her dower in the lands of her deceased husband, for the same purpose.

It appears, in this case, that there is a large indebtedness already established against the estate, and the appellant alleges that there are a number of claims that have been presented to and rejected by him, as administrator, that are liable to be established and allowed against the estate by the probate court.

We think the court below erred in decreeing the remainder in the lands set apart and assigned to the widow as dower, out of those purchased by her, as administratrix, with the proceeds of the slaves sold, in certain of the heirs at law of the deceased, in fee simple; and, for this error, the decree of that court is reversed; and a decree will be made by this court declaring the remainder in those lands to be assets in the hands of the administrator, for the purpose of paying the debts that are or may be legally established against the estate.

Judge HARRISON, being disqualified, did not sit in this case.

Hon. JOHN WHYTOCK, Special Judge.